POSTAL TELEGRAPH-CABLE CO. v. FLORIDA EAST COAST RY. CO.

(District Court, S. D. Florida. June 13, 1919.)

1. EMINENT DOMAIN ⬥171—RAILROAD RIGHT OF WAY—CONDEMNATION FOR TELEGRAPH PURPOSES.

A telegraph company is not precluded from condemning right to construct poles on a railroad right of way, because certain points on the right of way are not sufficiently wide to accommodate petitioner's poles, since compensation will be allowed only for portions of right of way actually taken.

2. EMINENT DOMAIN ⬥177—RAILROAD RIGHT OF WAY—TELEGRAPH POLES—PARTIES.

Under Gen. St. Fla. 1906, §§ 2821–2823, authorizing telegraph companies to condemn easements necessary for their poles in railroad rights of way, and providing that judgment shall not interfere with existing telegraph lines, railroad company is only defendant interested in con-

demnation proceedings, since rights of existing telegraph company will be protected by judgment entered.

3. EMINENT DOMAIN ⊙⟶171—ACTIONS—ISSUES.

Under Gen. St. Fla. 1906, §§ 2821–2823, authorizing telegraph companies to condemn easements in railroad rights of way, and providing that judgment shall not interfere with existing telegraph lines, question whether existing telegraph line will be interfered with by construction of petitioner's line will not be determined in the statutory condemnation proceedings against the railroad.

In Equity. Condemnation proceeding by the Postal Telegraph-Cable Company against the Florida East Coast Railway Company, in which the American Telephone & Telegraph Company intervenes. Hearing on questions of necessity, propriety, etc. Finding for petitioner.

Marks, Marks & Holt, of Jacksonville, Fla., for petitioner.

John E. Hartridge and Scott M. Loftin, both of Jacksonville, Fla., for respondent.

Fred T. Myers, of Tallahassee, Fla., and J. L. Parrish, of Des Moines, Iowa, for intervener.

CALL, District Judge. On September 18, 1917, petition was filed by the Postal Telegraph-Cable Company, seeking to condemn locations for its poles over the right of way of the Florida East Coast Railway Company from East Palatka to Miami, a distance of 304.2 miles, alleging necessary facts showing its right to exercise eminent domain under chapter 5211, Laws of Florida.

The Florida East Coast Railway Company, on February 15, 1918, filed its answer to the petition, in which was incorporated a demurrer, attacking the constitutionality of said chapter 5211, and then sets up causes why the petition should not be granted, among other things, that no necessity for such condemnation exists; that its line of railway crosses many streams over which bridges have been constructed, and the condemnation would authorize petitioner to attach its wires to such structures; that the construction of such line would interfere with the ordinary use of its railroad lines; that it had entered into contract with the American Telephone & Telegraph Company, a New York corporation, by which the right to construct telephone poles over its right of way had been granted; that pursuant to said contract the New York corporation built its lines and is now maintaining same; that about 86.7 per cent. of its right of way is 100 feet wide, but many parts are only 50 feet or less; that the poles of the American Telephone & Telegraph Company, where the right of way is 100 feet wide, are located approximately 27 feet from the center of track on the side other than that on which the Western Union Telegraph Company and the railroad have poles erected, but this distance is not uniform, but varies at many points on account of variations in width of right of way, switches, structures, etc.; that more than 100 parts of its right of way between the points are less than 100 feet wide; that at the time of filing the petition three separate and distinct lines of wires on its right of way are strung on two lines of poles, one line on each side of

its roadbed; that the erection of petitioner's line would interfere by induction with the operation of the other lines already built and in operation.

On November 3, 1917, the American Telephone & Telegraph Company was given leave to intervene, and pursuant to such leave on December 3, 1917, filed its answer, setting up the contract between itself and the railroad company for the construction of its lines from Jacksonville to Key West and the building of same on poles of the standard length of 25 feet, with one or more cross-arms of 10 feet in length, and provided for attaching two additional cross-arms, as business may make necessary; that the construction of petitioner's lines would interfere physically with its telephone lines, and the operation of petitioner's lines would interfere by induction with the transmission of speech over its lines. It then sets up the provision of the Florida statute requiring noninterference with existing telegraph and telephone lines, and prays the court will determine the extent of the interference and whether the right to condemn should be refused or granted. Whereupon, on April 21, 1919, the case was called and the court took testimony on the issues made by the petition and the answers.

The issue, it seems to me, that the court must decide before the submission of the question of the amount to be assessed by the jury is entered into, is the right of the petitioner to maintain condemnation proceedings against the railroad company. There is no question, under the testimony before me, but "that the petitioner is such a corporation as is contemplated by the Florida statute, and is vested under that statute with the right of eminent domain." The issue is made in the answer of the railroad company that it is not necessary for petitioner to construct its line on the right of way. On this issue, I find from the testimony in favor of the petitioner.

[1] The next inquiry is: Will the construction of the lines of petitioner obstruct the railroad company in the use of its right of way for railroad purposes? I think it will not be seriously contended that it will. Nor do I think the fact that there are points on the railroad right of way where the width is not sufficient to allow petitioner's poles to be placed on the right of way a sufficient cause to deny petitioner's condemnation proceedings. The jury, in awarding compensation, will allow it only for such portions of the right of way as are taken. Nor does the petitioner, as I understand it, seek to condemn a right to attach its wires to any bridges or other structures of the railroad company.

What I have said above eliminates the causes set up in the answers, except that of the contract existing between the railroad company and the American Telephone & Telegraph Company, by which its poles were placed upon the right of way, and the interference with its lines physically or by induction.

As to the contract, it may be said that it is material to show that the American Telephone & Telegraph Company, is not a trespasser, but occupies a portion of the right of way lawfully, but such contract cannot afford a reason why the petitioner may not condemn the right to build its line, if it can do so conforming to the statute of Florida.

[2, 3] Section 1 of chapter 5211 is reproduced in sections 2821 and 2822 of the General Statutes of Florida. Section 2821 vests in telegraph or telephone companies the right of eminent domain to subject rights of way of railroad companies to the easement necessary for the construction and maintenance of lines of telegraph and telephone. The proviso is:

"The ordinary travel or use of said railroad is not interfered with by reason thereof."

This section contains a further proviso as to distance of poles from outer edge of the track. Section 2822 provides for the petition, its contents, and method of service, etc.

Section 2823 of the General Statutes (section 2 of the act) provides for the trial, and section 2824 of said General Statutes (section 3 of the act) specifies the judgment, etc., to be entered upon the finding of the jury. The pertinent portion of said last section reads as follows:

"Said judgment and decree shall provide that such telegraph or telephone line shall be constructed as set out in the petition, and so as not to interfere with the operation of the trains of said defendant, or any telegraph or telephone line already upon such right of way," etc.

Considerable testimony, expert in its nature, was introduced before me for and against the contention that the construction and operation of petitioner's line would interfere with the lines now operated by the American Telephone & Telegraph Company. The position, as I understand it, of the petitioner, is that under the provisions of sections 2822 and 2823 the railroad company is the only one interested in the condemnation proceedings; it is its compensation which the jury is to assess; that the rights of the American Telephone & Telegraph Company are fully protected by the judgment to be entered as prescribed in section 2824.

A careful reading and consideration of the sections referred to convinces me that this contention is correct. The statute does not contemplate that any property right of any one except the railroad company shall be condemned for the use of the petitioner, and safeguards any right possessed by another telegraph or telephone company, arising through contract, by providing that petitioner's line shall be so constructed as not to interfere with the operation of any telegraph or telephone line already on the railroad right of way; and, if so constructed, certainly there can be no cause of complaint by such telephone or telegraph company, and no right of such company, property or otherwise, invaded, by the proceeding.

It may become necessary for the court on another proceeding to decide whether a line, if constructed, interferes with the operation of a telegraph or telephone line already on the right of way; but in this proceeding, being purely statutory, such question cannot be decided in limine.

I therefore find in favor of the petitioner, because no sufficient cause has been shown why petitioner should not have condemnation as prayed in its petition.